## No. 25628

**The People of the State of Colorado v. James Earl Buttorff**
(500 P.2d 979)

Decided September 11, 1972.

David L. Wood, District Attorney, Loren B. Schall, Chief Deputy, Ronald L. Schultz, Deputy, for plaintiff-appellant.

Davis, Saint-Veltri and Dikeou, Joseph Saint-Veltri, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney of the Eighth Judicial District from an order of the trial court sustaining the defendant's motion to suppress "any and all evidence seized by officers of the Fort Collins Police Department on March 7, 1972, at or near the location of 607 1/2 LaPorte Street in the City of Fort Collins, Colorado." In compliance with C.A.R. 4.1 the district attorney certified to the trial court that the suppressed evidence constituted the whole proof of the offense charged.

The trial court here applied the same reasoning to support its suppression ruling as it did in *People v. McGahey,* 179 Colo. 401, 500 P.2d 977, announced contemporaneously with this opinion. The factual situations in the two cases are sufficiently similar to require the application of the same law. The law, therefore, as set forth in *McGahey* is applicable here and will not be stated again.

■ The evidence disclosed and the court found that Officer Kyle received information from the dispatcher of the Fort Collins Police Department of a report of a possible pot party at 607 1/2 LaPorte Street. The name and address of the informant, if known to the dispatcher, was not given Officer Kyle. Officer Kyle and two other officers went to 607 1/2 LaPorte Street, crossed the lawn, went to the front door, and, looking through an opening in the drapes, saw the defendant attempting to light what appeared to be a homemade marijuana cigarette. Officer Kyle then tried the door, but finding it locked, he knocked. The defendant opened the door, the three officers entered and placed the defendant and other occupants of the house under arrest. A search warrant was then obtained and it was used to conduct the search and seize the evidence which the court has ordered suppressed.

The trial court was concerned, as it was in *McGahey,* with the right of the officers to be where they were on the basis of an anonymous report of illegal activity.

On the basis of the law as set out in *McGahey,* it appears to us that the officers had a duty to investigate the report of the pot party and were, therefore, in a place where they had every right to be when they observed a criminal offense being committed.

We reverse the ruling of the trial court and remand for further proceedings not inconsistent with the views expressed herein.